IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA upon**                                                   **PLAINTIFF**
**the relation and for the use of the**
**TENNESSEE VALLEY AUTHORITY**

**V.**                                                                                     **NO. 3:17-CV-128-DMB-RP**

**TREE REMOVAL RIGHTS WITH**
**RESPECT TO LAND IN MARSHALL**
**COUNTY, MISSISSIPPI; NATHANIEL**
**LESUEUR; BANK OF HOLLY**
**SPRINGS; and WILLIAM F.**
**SCHNELLER, trustee**                                                                  **DEFENDANTS**

**ORDER**

This condemnation action is before the Court on the "Plaintiff's Motion for Summary Judgment." Doc. #19.

**I**
**Procedural History**

On July 11, 2017, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), filed a complaint in this Court "for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest." Doc. #1 at ¶ 1. Specifically, TVA seeks to take for public use tree-removal rights of land located in Marshall County, Mississippi ("Property"). *Id*. at ¶ 5; Doc. #1-1. The complaint lists as defendants (1) Nathaniel Lesueur, the owner of the Property; (2) the Bank of Holly Springs, a holder of a lien on the Property under two deeds of trust; and (3) William F. Schneller, the designated trustee of the deeds of trust. Doc. #1 at ¶ 6.

Also on July 11, 2017, TVA filed a "Declaration of Taking" signed by Elizabeth Birdwell from its General Counsel's Office, Doc. #2; and a "Notice of Condemnation" identifying the

Property and the defendants, Doc. #3. The following day, TVA deposited five hundred dollars into the Court's registry.

On August 2, 2017, TVA filed a "Notice of Completion of Service of Pleadings upon All Defendants as of July 28, 2017," representing that the complaint, the Declaration of Taking, and the Notice of Condemnation were all served on the defendants. Doc. #7. On August 3, 2017, TVA filed "Plaintiff's Motion for Entry of an Order of Immediate Possession" and an accompanying memorandum. Docs. #8, #9. The motion and memorandum include certificates of service reflecting that each was mailed to the defendants. The defendants did not respond to the motion.

On October 16, 2017, this Court granted the motion for immediate possession. Doc. #13. Subsequently, on June 12, 2018, TVA filed a motion for summary judgment seeking to establish that $500 represents just compensation for the taken property. Doc. #19. Approximately six weeks after the summary judgment motion's filing, Lesueur, acting pro se, filed an "Answer" which both disputes the propriety of summary judgment and purports to assert a counterclaim against TVA. Doc. #24. TVA answered Lesueur's counterclaim and filed a reply in support of its motion for summary judgment. Docs. #30, #31.

## II
## Summary Judgment in Condemnation Proceedings

Pursuant to Federal Rule of Civil Procedure 71.1, the rule which governs condemnation proceedings in federal court:

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:
>
> (A) by any tribunal specially constituted by a federal statute to determine compensation; or
>
> (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.

2

Fed. R. Civ. P. 71.1(h)(1).

While Rule 71.1 does not expressly authorize a motion for summary judgment, the Fifth Circuit has affirmed the use of summary judgment to fix just compensation in a condemnation proceeding. *See Bibb Cty. v. United States*, 249 F.2d 228, 228, 232 (5th Cir. 1957). This practice is consistent with the practice in other courts. *See Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cty.*, 473 F. App'x 778, 779 (9th Cir. 2012) ("Summary judgment is appropriate in a condemnation case where there is no disputed issue of material fact."); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cty.*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (N.D. W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases). "Since Rule 71.1 has no provisions governing summary judgment," when summary judgment is sought in a condemnation proceeding, "Rule 56 applies." 13 MOORE'S FEDERAL PRACTICE - CIVIL § 71.1.04 (2018).

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only if the pleadings and record materials reveal no genuine issue as to any material fact." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* (quotation marks and citations omitted). In making these determinations, a court "must view the evidence in the light most favorable to the non-moving party, drawing all justifiable inferences in the non-movant's favor." *Id.* (quotation marks and alterations omitted).

"The party moving for summary judgment bears the burden of identifying the portions of

the record that demonstrate the absence of a genuine issue of material fact, and the nonmovant must then point to or produce specific facts demonstrating that there is a genuine issue of material fact." *James v. Woods*, 899 F.3d 404, 407 (5th Cir. 2018) (citation omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

## III
## Analysis

By virtue of this Court's order granting TVA possession of the Property, "the right to just compensation for the land vest[ed] in the persons entitled to the compensation." 40 U.S.C. § 3114(b). "The burden of establishing the value of lands sought to be condemned is on the landowner." *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cty.*, 680 F.2d 388, 394 (5th Cir. 1982). "Federal courts have long held that an appropriate measure of damages in a partial-taking case [,such as this,] is the difference between the value of the parent tract before the taking and its value after the taking." *Id*. at 392. "[J]ust compensation must be measured by an objective standard that disregards subjective values which are only of significance to an individual owner." *United States v. 50 Acres of Land*, 469 U.S. 24, 35 (1984).

As support for its motion for summary judgment, TVA submitted the affidavit of Ivan J. Antal, II, an employee with TVA and a Mississippi general appraiser with approximately nine years of experience. Doc. #19-1. In his affidavit, Antal represents that TVA commissioned "two restricted use appraisal reports prepared by independent Mississippi certified general real property appraisers," that one appraiser valued the relevant tree-removal rights at $250, and that the other appraiser valued the rights at $500. *Id*. at 2. Antal avers that "[b]ased upon [his] review of the identified appraisals … and [his] experience as a Mississippi general appraiser," he determined

4

$500 represented an appropriate "fair market value of the tree-removal rights." *Id*. at 2.

In his Answer, Lesueur argues (1) there is a genuine issue of material fact as to the "value of trees;" (2) TVA's appraisal method is "inaccurate" because it did not consider the "quantity of trees;" (3) the valuation, which Lesueur incorrectly identifies as $2,500, is inadequate because it does not account for "the loss of incorporeal realities such as shade, privacy, crime reduction, and air quality;" and (4) Lesueur would need to replant his border trees and "feels he should be compensated for future damages." Doc. #24 at 1–2. However, Lesueur has offered no evidence supporting any of his contentions as to the inadequacy of TVA's valuation method, including what the method did and did not consider. Furthermore, while Lesueur's signed Answer may be sufficient to support his contentions regarding his future plans,[1] such evidence is properly characterized as going to the "subjective value" of the property and is thus irrelevant to the just compensation inquiry. *50 Acres of Land*, 469 U.S. at 35. In the absence of any evidence showing the inadequacy of TVA's valuation method or evidence establishing a different value for the taken property, the Court concludes that Lesueur has failed to sustain his burden of establishing the value of the Property. Accordingly, there is no genuine issue of material fact that the $500 estimated value represents just compensation for the Property.

## IV
## Conclusion

For the reasons above, TVA's motion for summary judgment [19] is **GRANTED**. The Court concludes that $500 represents just compensation for the property at issue in this action.

**SO ORDERED**, this 19th day of November, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial.") (alterations omitted).

5