**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA** upon                          **PLAINTIFF**
the relation and for the use of the
**TENNESSEE VALLEY AUTHORITY**

**V.**                                                          **NO. 3:17-CV-128-DMB-RP**

**TREE REMOVAL RIGHTS WITH
RESPECT TO LAND IN MARSHALL
COUNTY, MISSISSIPPI; NATHANIEL
LESUEUR; BANK OF HOLLY
SPRINGS; and WILLIAM F.
SCHNELLER, trustee**                                        **DEFENDANTS**

**ORDER**

      This condemnation action is before the Court on the Tennessee Valley Authority's "Motion

for Entry of Judgment and Order Disbursing Funds." Doc. #40.

**I
Procedural History**

      On July 11, 2017, the United States of America, upon the relation and for the use of the

Tennessee Valley Authority ("TVA"), filed a complaint in the United States District Court for the

Northern District of Mississippi "for the taking of property under the power of eminent domain

and for the ascertainment and award of just compensation to the owners and parties in interest."

Doc. #1 at ¶ 1. TVA seeks to take for public use tree-removal rights of land located in Marshall

County, Mississippi ("Property"). *Id*. at ¶ 5; Doc. #1-1. The complaint lists as defendants (1)

Nathaniel Lesueur, the owner of the Property; (2) the Bank of Holly Springs, a holder of a lien on

the Property under two deeds of trust; and (3) William F. Schneller, the designated trustee of the

deeds of trust. Doc. #1 at ¶ 6.

Also on July 11, 2017, TVA filed a "Declaration of Taking" signed by Elizabeth Birdwell

from its General Counsel's Office, Doc. #2; and a "Notice of Condemnation" identifying the

Property and the defendants, Doc. #3. The following day, TVA deposited five hundred dollars

into the Court's registry.

On October 16, 2017, this Court, acting on TVA's motion, granted TVA immediate

possession of the Property. Doc. #13. Subsequently, on June 12, 2018, TVA filed a motion for

summary judgment seeking to establish that $500 represents just compensation for the taken

property, which motion the Court granted on November 19, 2018. Docs. #19, #39. Approximately

three weeks later, TVA filed a motion seeking an order disbursing the $500 to Lesueur and a

judgment to "serve as a muniment of title for the condemned property." Doc. #40 at 2.

## II
## Analysis

> Congressional authorization is required for land to be condemned by the
> government for public use. Congress sometimes exercises the power of eminent
> domain directly by enacting a statute that appropriates specific property.
> Congress's normal practice, however, is to delegate the power of eminent domain
> to government officers who may condemn property in the name of the United States
> for public use. And Congress may … grant condemnation power to private
> corporations executing works in which the public is interested…. When a
> condemnation action becomes necessary, a government official has two statutory
> methods available for exercising the power of eminent domain. Under the first
> method, called "straight condemnation," the action usually proceeds to a
> determination of just compensation and final judgment before the condemnor takes
> possession. Under the second method, often referred to as "quick-take," the
> government may take possession of the condemned property at the beginning of the
> case.

*E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 820–21 (4th Cir. 2004) (quotation marks, alterations,

and citations omitted). This case involves a "quick-take" action.

40 U.S.C. § 3114, the quick-take statute, provides that "[o]n filing [a] declaration of taking

and depositing in the court, to the use of the persons entitled to the compensation, the amount of

the estimated compensation stated in the declaration," three legal mechanisms occur: (1) "title to the estate or interest specified in the declaration vests in the Government;" (2) "the land is condemned and taken for the use of the Government;" and (3) "the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b). Under the statute, "[c]ompensation shall be determined and awarded in the proceeding and established by judgment." *Id*. § 3114(c)(1). However, because "under the provisions of the statute, condemnation is effected and title completely vested in the Government by the mere filing of a declaration of taking," "a judgment adjudging title in the United States is wholly unnecessary." *United States v. Sunset Cemetery Co.*, 132 F.2d 163, 164 (7th Cir. 1942); *see* 7 FED. PROC., L. ED. § 14:154 (2019) ("Under the Declaration of Taking Act, the condemnation is effected and title completely vested in the United States by the mere filing of the declaration of taking, just as if the owner of the property had executed deeds to it, and a judgment vesting title in the United States is wholly unnecessary.") (footnotes omitted); *see also Saucier v. Crichton*, 147 F.2d 430, 435 (5th Cir. 1945) ("[U]pon the filing of the declaration of taking and the deposit of the money in the registry of the court, title to the land passed immediately to the Government ….").

This Court previously concluded that title in the Property has vested in the Government, Doc. #13 at 3; that the Government is entitled to possession of the Property, *id*. at 4; and that just compensation for the Property is $500, Doc. #39 at 5. Accordingly, it appears all that is left is for the Court to establish the just compensation by judgment in accordance with § 3114(c)(1). Thus, TVA's motion [40] is **GRANTED in Part and DENIED in Part**. The motion is GRANTED to the extent it seeks an order and judgment directing compensation to Lesueur in the amount of $500. However, to the extent the motion seeks a separate judgment adjudicating title, such relief is DENIED as unnecessary. *See Sunset Cemetery Co.*, 132 F.2d at 164.

**SO ORDERED**, this 8th day of April, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**